UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIE F. RODGERS, | No. C 08-3547 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MICHAEL HENNESSEY; et al., | |
| Defendants. | |

## INTRODUCTION

Ronie F. Rodgers, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. Rodgers' complaint for damages alleges that he was wrongly twice charged for the same offense. His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Rodgers alleges in his complaint that he was twice charged with robbery under California Penal Code § 211.  He alleges that he was arrested on February 4, 2008 for robbery, but that the charge was dismissed on April 18, 2008.  He alleges that he was recharged on that same day with robbery, which he contends is "clearly Double Jeopardy, and cruel and unusual punishment, and violation of due process."  Complaint, p. 3.  (He also alleges that he has HIV and was charged with attempted murder based on him biting someone, but that charge was dropped because he has no teeth.  The connection between the attempted murder charge and the robbery charge is not explained.)

The complaint fails to state a claim upon which relief may be granted.  The Double Jeopardy Clause is not implicated by the facts alleged.  Specifically, the dismissal of charges ten weeks after an arrest does not prevent a defendant from being charged again because there is no indication that jeopardy had attached.  Jeopardy attaches when the jury is empaneled and sworn.  See Crist v. Bretz, 437 U.S. 28 (1978).   The pretrial dismissal and refiling of charges did not violate Rodgers' right not to be placed twice in jeopardy.

The Eighth Amendment's ban on cruel and unusual punishment also is not implicated by the facts alleged in the complaint because that provision only applies to those who have been convicted, which the complaint suggests has not occurred to jail inmate Rodgers.  See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979). The Due Process Clause provides protections similar to the Eighth Amendment for those persons who are pretrial detainees, as Rodgers apparently is.  However, the Due Process Clause does not bar a state from dismissing and refiling charges against an arrestee.

The dismissal and refiling of charges against Rodgers does not state a claim upon which relief may be granted under § 1983.  If Rodgers ever suffers a conviction on the refiled robbery charges and wants to challenge that conviction, he may file a petition for writ of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), but not until after he exhausts state judicial remedies, Granberry v. Greer, 481 U.S. 129, 134 (1987).

**CONCLUSION**

The complaint fails to state a claim upon which relief may be granted.  The action is DISMISSED with prejudice.  The clerk shall close the file.

IT IS SO ORDERED.

Dated: February 27, 2009

_____
Marilyn Hall Patel
United States District Judge